**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Muhammad, ) | No. CV 06-1272-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Rita Cordova; Dave Deneau and Donna ) Overstreet, ) | |
| Defendants. ) | |

Currently before the Court is Plaintiff Donald Muhammad's ("Plaintiff") First Amended Complaint. On June 7, 2006, the Court granted Plaintiff's motion to proceed in forma pauperis but dismissed with leave to amend Plaintiff's complaint pursuant to the Court's authority under 28 U.S.C. § 1915(e)(2). On June 14, 2005 Plaintiff filed his Amended Complaint naming Rita Cordova, Dave Deneau and Donna Overstreet as Defendants. Specifically, Plaintiff alleges several constitutional theories against them under 42 U.S.C. §§ 1983, 1985, 1986 and violations of the First, Fourth, Fifth and Eighth Amendments of the United States Constitution.

In screening a complaint, the Court must dismiss the complaint at any time if it is "frivolous or malicious" or if it fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i),(ii). In the Court's original screening order, the Court held that Plaintiff failed to comply with the pleading guidelines of Rule 8 of the Federal Rules of Civil Procedure, which require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Court finds that the same defect exists as

several portions of the Amended Complaint are illegible. However, even in setting aside the difficulty in reading Plaintiff's claims, it appears that Plaintiff's claims are without merit. Specifically, Plaintiff names three Defendants individually for their conduct that appears to derive out of a name change application attempted by Plaintiff. Plaintiff alleges that Defendant Cordova did not properly handle Plaintiff's name change application. (Complaint "Compl." ¶ 3). Plaintiff also alleges that Defendant Overstreet did not send the "Policies and Regulations" to Plaintiff governing a name change. (Compl. ¶ 4). Lastly, Plaintiff alleges that Defendant Deneau "turn[ed] his back" on Plaintiff. (Compl. ¶ 5). However, while these allegations are made to support Plaintiff's constitutional claims, there is no indication in the Complaint that the Defendant's alleged wrongful actions were the product of state action or occurred under "color of law." George v. Pacific CSC-Work Furlough, 91 F.3d 1227, 1229 (9th Cir. 1996), *cert denied*, 519 U.S. 1081 (1997) (citations omitted) (stating that "[i]ndividuals bringing actions against private parties for infringement of their constitutional rights, therefore, must show that the private parties' infringement somehow constitutes state action." Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764 (1982) (holding that in § 1983 actions, "color of law" is synonymous with state action). Rather, the allegations in Plaintiff's complaint are made solely against the Defendants in their individual capacity. As such, the Court will dismiss Plaintiff's Amended Complaint. However, the Court will again grant Plaintiff leave to attempt to assert an actionable claim as it is not clear whether the assertion of other facts, such as any connection to state action, will save Plaintiff's claims. See Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (stating that a court should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected).

Therefore, the Amended Complaint will again be dismissed with leave to amend to allow Plaintiff to clearly assert his claims in short, plain and legible statements which demonstrate he is entitled to relief. In any amended complaint, Plaintiff must tell the Court: (1) the constitutional right or statutory provision under which Plaintiff is proceeding; (2) the constitutional right or statutory provision which Plaintiff believes has been violated; (3)

1  exactly what the named Defendants did or failed to do and the date or dates of the act or
2  omission alleged; (4) how the action or inaction of the Defendant is connected to the alleged
3  violation; and (5) what specific injury Plaintiff has suffered because of Defendant's conduct.
4  Plaintiff may set forth his allegation in numbered paragraphs for purposes of clarity. Plaintiff
5  further should set forth a plain and concise statement of the relief he is seeking.

6  Plaintiff should take notice that if he fails to timely comply with every provision of
7  this Order, or any order of the Court entered in this matter, the action will be dismissed
8  pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963
9  F.2d 1258 (9th Cir. 1992) (district court may dismiss action for failure to comply with any
10  order of the court).

11  **Accordingly,**

12  **IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint is dismissed
13  without prejudice with leave to amend. Plaintiff shall have 20 days from the date this Order
14  is filed in which to file a second amended complaint in order to state specific allegations
15  against the Defendants. The second amended complaint must be retyped or rewritten in its
16  entirety and may not incorporate any part of the original complaint by reference. Any second
17  amended complaint submitted by Plaintiff should be clearly designated as such on the face
18  of the document.

19  **IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter a
20  judgment of dismissal without prejudice and without further notice to Plaintiff, if Plaintiff
21  fails to timely file a second amended complaint within 20 days from the date this Order is
22  filed.

23  **IT IS FURTHER ORDERED** denying without prejudice Defendants Cordova and
24  Deneau's Motion to Dismiss Plaintiff's Amended Complaint. (Dkt.#7).

25  DATED this 3rd day of August, 2006.

26
27
28  _____
Mary H. Murguia
United States District Judge